**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4781**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

     v.

MARTIN CARBAJAL-TAFOLLA, a/k/a Marcellino Carbajal-Vargas,
a/k/a Jabier Mendoza-Luna,

          Defendant - Appellant.

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:13-cr-00077-TDS-1)

Submitted:  May 27, 2014         Decided:  June 12, 2014

Before KEENAN and WYNN, Circuit Judges, and DAVIS, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, Mireille P. Clough,
Assistant Federal Public Defender, Winston-Salem, North
Carolina, for Appellant.  Ripley Rand, United States Attorney,
Randall S. Galyon, Assistant United States Attorney, Greensboro,
North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Martin Carbajal-Tafolla pled guilty to possession of firearms by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012) (Count One), unauthorized illegal reentry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2) (2012) (Count Three), and possession of counterfeit alien registration receipt cards, in violation of 18 U.S.C. § 1546(a) (2012) (Count Four). The district court sentenced Carbajal-Tafolla to forty-five months in prison. Carbajal-Tafolla appeals, contending that the district court committed procedural error in determining the base offense level for his § 922(g) offense[1] and that his sentence is substantively unreasonable. For the reasons that follow, we vacate Carbajal-Tafolla's sentence and remand for resentencing.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). First, we examine the sentence for significant procedural error, such as improperly calculating the Sentencing

---

[1] For Guidelines calculation purposes, the district court grouped Counts Three and Four ("Group One") separately from the § 922(g) count. U.S. Sentencing Guidelines Manual §§ 3D1.1, 3D1.2 (2012). The court then used the adjusted offense level for the § 922(g) count in calculating Carbajal-Tafolla's Guidelines range because it was higher than the adjusted offense level for Group One. USSG § 3D1.4.

Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) (2012) factors, and failing to adequately explain the selected sentence. Id. If the sentence is free from such procedural error, we consider substantive reasonableness. Id.

Carbajal-Tafolla argues that the district court committed procedural error by improperly assigning a base offense level of twenty to his § 922(g) offense based on his 1999 drug conspiracy conviction. The Sentencing Guidelines generally apply a base offense level of fourteen to § 922(g) offenses. See USSG § 2K2.1(a)(6)(A) (providing base offense level of fourteen where defendant "was a prohibited person at the time [he] committed the instant offense"). If "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense," his base offense level is twenty. USSG § 2K2.1(a)(4)(A). However, the commentary specifies that only felony convictions that receive criminal history points under USSG § 4A1.1(a), (b), or (c) should be counted for purposes of establishing a base offense level under USSG § 2K2.1(a)(4)(A). USSG § 2K2.1 cmt. n.10. Because Carbajal-Tafolla received a sentence of less than one year and one month for his 1999 drug conspiracy conviction, it is countable under USSG § 4A1.1(b) only if that sentence "was

3

imposed within ten years of the defendant's commencement of the instant offense." USSG § 4A1.2(e)(2).

Pursuant to § 4A1.1(b), Carbajal-Tafolla's 1999 drug conspiracy conviction received two criminal history points. Carbajal-Tafolla conceded that his 1999 drug conspiracy conviction qualified for two criminal history points because the sentence for that offense was imposed within ten years of the commencement of one of his current offenses, namely the illegal reentry conviction in Count Three. However, he argues that counting the 1999 conviction for purposes of criminal history points because the sentence was imposed within ten years of the commencement of one of his current offenses does not make it countable for purposes of establishing a base offense level under § 2K2.1(a)(4) for his § 922(g) conviction because his firearm offense was not grouped with the offense that qualified the 1999 conviction for criminal history points. We agree.

Although Carbajal-Tafolla's 1999 conviction qualified for criminal history points, it did so for reasons completely unrelated to his § 922(g) offense, namely because his 1999 sentence was imposed within ten years of commencement of his Count Three offense, illegal reentry by an aggravated felon. Carbajal-Tafolla's § 922(g) offense occurred on or about January 10, 2013, nearly fourteen years after the imposition of the drug conspiracy sentence. Carbajal-Tafolla did not commit any part

4

of his § 922(g) offense within ten years of sustaining a qualifying felony conviction for purposes of imposing a base offense level of twenty pursuant to USSG § 2K2.1(a)(4)(A). Accordingly, we conclude that the district court committed procedural error in establishing the base offense level for Count One.[2]

For these reasons, we vacate Carbajal-Tafolla's sentence and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

---

[2] Because we conclude that Carbajal-Tafolla's sentence is procedurally unreasonable and vacate the sentence on that basis, we decline to address Carbajal-Tafolla's challenge to the substantive reasonableness of the sentence. Gall, 552 U.S. at 51.